UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---------------------------------------------------------X
TRUE RELIGION APPAREL, INC. and  )
GURU DENIM, INC.,                )
Plaintiffs,                      )     Civil Action No. 07-12335-DPW
                                 )
v.                               )
                                 )     AFFIDAVIT OF PHILIP GREEN
TRUE APPAREL COMPANY,            )
Defendant.                       )
---------------------------------------------------------X

COMMONWEALTH OF MASSACHUSETTS   )
                                ) ss.
COUNTY OF MIDDLESEX             )

I, Philip Green, being first duly sworn on my oath depose and say that:

1. I have been retained by Hamilton, Brook, Smith & Reynolds, P.C., counsel for the plaintiffs, True Religion Apparel, Inc. and Guru Denim, Inc. ("True Religion"), to provide an independent and objective opinion of the damages suffered, if any, as a result the defendant's, True Apparel Company's, alleged infringement of trademarks and service marks owned by the plaintiffs that are at issue in the present action.

2. It is my understanding that the remedies for trademark infringement include the defendant's profits, any damages sustained by the plaintiff, and the costs of the action.

3. In total, the defendant's net infringing sales from January 2006 until December 2008 total approximately $1.36 million. Since the deposition testimony only indicates sales through October 2008, my calculation includes estimates for November and December of 2008. Attached hereto and a part hereof as Exhibit A are excerpts from the deposition transcript of True Apparel Company by Joseph Romney Evans. Attached hereto and made a part hereof as Exhibit B is a true and accurate copy of my computation of the defendant's net infringing sales.

4. It is my understanding that the defendant has the burden to show any deductible offsets.

5. I was informed that the defendant declined to offer an expert report regarding costs and would instead present testimony of the defendant's accountant regarding costs that the defendant has incurred.

6. As such, counsel for True Religion provided additional documents that were produced by the defendant, which contained the defendant's revenues and costs. Attached hereto and made a part hereof as Exhibits C to F are true and accurate copies of the tax return documents upon which I relied in preparing calculations of the defendant's unjust enrichment. Attached hereto and made a part hereof as Exhibit G is a true and accurate copy of a print-out of the defendant's QuickBooks report, which details the profit and loss of True Apparel Company from January – March, 2008.

7. I computed the defendant's unjust enrichment from its infringing sales based on amounts included in the tax returns and deposition testimony. From the net sales information, I deducted the costs of goods sold that were reported in the tax returns for 2006 and 2007. For 2008, I applied the cost of goods sold percentage reported in the defendant's QuickBooks report. Attached hereto and made a part hereof as Exhibit H is a chart detailing my computation of the defendant's unjust enrichment.

8. Based on these calculations, the defendant's unjust enrichment amounts to approximately $659,828 from January 2006 until December 2008, as shown in Exhibit H of this Affidavit. This amount does not include prejudgment interest.

9. Assuming that the defendant introduces evidence stating the same deductible costs, this calculation of the defendant's unjust enrichment is accurate.

10. Due to the limited information provided, I was not able to evaluate which overhead costs are directly related to the increases in sales or are discretionary. For example, by the tax returns for 2006, the overhead costs of the defendant totaled approximately $113,000 in contrast to the reported sales of $18,000 for that year. For that same year, the defendant's salary/wage expenses and advertising expenses totaled to 334% and 37%, respectively, of sales in 2006. In 2007, the defendant incurred almost $700,000 overhead expenses in comparison to net sales of $600,000. In that same year, the defendant's salary/wage expenses and advertising expenses were 48% and 54%, respectively. Attached hereto and made a part hereof as Exhibit I is a chart detailing the defendant's taxable income, which includes overhead costs.

11. An alternative theory is that the defendant's unjust enrichment may be measured by the payments to its common shareholders in the form of salary or other compensation.

12. Regarding paragraph 11, this alternative measure of the defendant's unjust enrichment may be calculated by the amount paid to Joseph Romney Evans and Jessica Arredondo in the form of salary or other compensation because, for small businesses, salaries and other benefits paid to owners may reflect the profits and surplus cash flow that the company has generated. Mr. Evans and Ms Arredondo's compensation for 2006 and 2007 totaled approximately $363,000. This amount does not include prejudgment interest or salaries for 2008.

Subscribed and sworn under the pains and penalties of perjury this 3rd day of February, 2009.

_____
Philip Green

865603_1