UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------------X
TRUE RELIGION APPAREL, INC. and )
GURU DENIM, INC.,                )
Plaintiffs,                      )          Civil Action No. 07-12335-DPW
                                 )
v.                               )          PLAINTIFFS' OPPOSITION TO
                                 )          DEFENDANT'S MOTION IN LIMINE
TRUE APPAREL COMPANY,            )          TO EXCLUDE THE PROPOSED
Defendant.                       )          <u>TESTIMONY OF PHILIP GREEN</u>
---------------------------------------------------------X

The plaintiffs, True Religion Apparel, Inc. and Guru Denim, Inc. ("True Religion"), hereby oppose the defendant, True Apparel Company's motion *in limine* to exclude the expert testimony of Philip Green.  True Religion files an Affidavit of Counsel ("Counsel Afft.") herewith in support of its opposition to the defendant's motion *in limine* regarding Mr. Green.

I.   Introduction:

There are no grounds for excluding the Expert testimony of Philip Green.  His credentials as an expert are sound and his Reports fully complied with the Court's Order and the Federal Rules of Civil Procedure.

II.  Facts:

The plaintiffs timely provided the Report of their expert, Philip Green, on November 5, 2008. As required by the August 20, 2008 Amended Scheduling Order, Mr. Green's Report addressed issues as to which the plaintiffs have the burden of proof,[1] the defendant's sales.  The defendant allowed the deadline of November 26, 2008 to go by without serving an expert report concerning damages.

---

[1] The defendant erroneously identifies the November 5, 2008 deadline as the deadline for "the plaintiffs" to file expert reports.  The Amended Scheduling Order clearly sets November 5, 2008 as the deadline for the party bearing the burden of proof.

The defendant failed to identify an accountant in the initial disclosures in this case. Counsel Afft. ¶ 3, Exh. A. The defendant's answer to Interrogatory No. 2, in which True Religion asks the identity of the persons most knowledgeable about True Apparel Company's actual sales, intended sales, advertising, sales promotion, marketing, licensing, assignment, or other transfer of rights, identifies only Ms. Arredondo and Mr. Evans, not any accountant. Counsel Afft. ¶ 4, Exh. B. The defendant has not supplemented the initial disclosures or the interrogatory answer.

On December 2, 2008, counsel for True Religion sent a letter to counsel for the defendant seeking confirmation that the defendant would not be calling any witness at trial to present opinion testimony concerning damages, specifically concerning the damages set forth in the Expert Report of Mr. Green or any elements of cost or deduction claimed by True Apparel Company. Counsel Afft. ¶ 5, Exh. C. In an email response dated December 3, 2008, the defendant's counsel indicated,

> I intend to offer the testimony of the True Apparel accountant as a fact witness re True Apparel historic income, expenses, etc. at time of trial. I understand his testimony will be consistent with the tax returns of True Apparel which he prepared and were provided to you this past summer. The accountant has expertise but was not engaged as an expert for this case, and I don't consider his testimony to be covered by 702, 703 and 705. No 'expert' report has been prepared or will be offered at time of trial.[2]

Counsel Afft. ¶ 6, Exh. D.

True Religion served Mr. Green's Supplemental Report on January 26, 2009 to address the potential evidence that may be introduced by the defendant concerning cost and deductions.[3]

---

[2] To the extent testimony should be precluded, it would be that of the accountant who was not identified in either the initial disclosures or the answer to Interrogatory No. 2, depriving the plaintiffs of the ability to depose him before the close of fact discovery.

[3] Mr. Green's testimony on this issue is contingent on the defendant sustaining its burden to introduce evidence concerning any costs or deductions.

The Supplemental Report was served before the February 17, 2009 deadline for supplementing expert disclosures.

III.  Argument:

    A.  Report Addressed Issues Where Plaintiffs Bear Burden of Proof, as Required by the Amended Scheduling Order:

"In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed."  15 U.S.C. § 1117(a).

The Amended Scheduling Order dated August 20, 2008, provides, in pertinent part:

> all trial experts are to be designated and disclosure of information contemplated by Fed. R. Civ. P. Rule 26 provided by the party with the burden of proof no later than NOVEMBER 5, 2008, and by the party without the burden of proof no later than NOVEMBER 26, 2008.

Mr. Green's November 5, 2008 Expert Report addressed the defendant's sales, the issue as to which the plaintiffs bear the burden of proof.

    B.  Report Was Timely Supplemented, as Required by the Federal Rules of Civil Procedure:

The Expert Report was timely supplemented.  Rule 26(a)(2)(D) and Rule 26(e)(2) of the Federal Rules of Civil Procedure require that "Any additions or changes to [the expert report] must be disclosed by the time the party's pre-trial disclosures under Rule 26(a)(3) are due."  In the present case, that deadline was February 17, 2009.  Therefore, Mr. Green's Report was timely supplemented on January 26, 2009.

Until the plaintiffs had an indication as to the evidence the defendant would seek to introduce at trial concerning cost and deductions and that the defendant would not be providing expert testimony concerning cost and deductions, the plaintiffs' expert was not in a position to report on the issue.  Even now, it is not clear what evidence will be provided by the defendant's

accountant at trial.  Therefore, Mr. Green's Report was timely supplemented and, as originally filed, properly addressed the issues as to which the plaintiffs bear the burden of proof.

    C.    <u>Treatise's Discussion of **Trademark** Cases Supports Mr. Green's Opinion, But Defendant Improperly Relies On Copyright and Patent Damages Discussion</u>

"Where the parties are competitors, the defendant's profits are a rough measure of the plaintiff's damages.  Indeed, they are probably the best possible measure of damages available." J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 30:59, 30-137 (4th ed. 2008).  The *Reference Manual on Scientific Evidence* relied upon by the defendant states that in a **trademark** case[4] plaintiffs may claim damages for:  (i) lost sales, (ii) loss of reputation in its business, and (iii) based on the profits of the infringer.  Federal Judicial Center, *Reference Manual on Scientific Evidence* 317-18 (2d ed. 2000).

The *Reference Manual on Scientific Evidence* further states that,

> the plaintiff may recover damages based on the gross receipts from the sale of the infringing items.  The defendant, however, can seek to offset such damages by deducting for the expense of producing the infringing goods or by apportioning the profits attributable to the infringing mark and those attributable to the intrinsic merit of his or her product.

*Reference Manual on Scientific Evidence* at 318.  The defendant recognizes that the Expert Report of Mr. Green included "the defendant's 'gross revenues.'"  (*See* Docket Item No. 111.)  It is for the defendant, and not the plaintiffs, to prove relevant and deductible costs.  *See Reference Manual on Scientific Evidence* at 318.  Mr. Green provided a Supplemental Report in order not

---

[4] The defendant refers to patent, copyright, and trademark portions of the *Reference Manual on Scientific Evidence* in its motion *in limine*.  In patent cases, a reasonable royalty is a minimum recovery by statute.  *See* 35 U.S.C. § 284.  Similarly, the defendant's reliance on *Walker v. Forbes, Inc.*, 28 F.3d 409 (4th Cir. 1994) which explained calculations of damages in a copyright infringement case, is misplaced.  The defendant makes passing reference to a statement to the effect that "damages **can** be calculated based on a reasonable royalty" (emphasis added) attributed to the *Reference Manual on Scientific Evidence*, but provides no further support for a determination that a reasonable royalty would be the proper measure of damages in this case.  And the defendant has not identified any expert to provide opinion evidence on this issue.

to be precluded from providing his opinion if the defendant succeeds in introducing evidence to support offsets to the damages the plaintiffs will show at trial.

Mr. Green's expert reports provide a quantitative analysis of the damages sought in the present action and his testimony will be beneficial to the jury in considering the damages to be awarded to the plaintiffs.[5] The probative value of Mr. Green's testimony is not outweighed by any other considerations and should be allowed.

IV.     Conclusion:

The plaintiffs respectfully request that the motion *in limine* moving the Court to exclude the expert opinions and testimony of Philip Green be denied.

          TRUE RELIGION APPAREL, INC. and
          GURU DENIM, INC.

          By their attorneys,

          /s/ Susan G. L. Glovsky
          Susan G. L. Glovsky (BBO# 195880)
          Patrick A. Quinlan (BBO# 667183)
          Lindsay M. Hopkins (BBO# 671229)
          Hamilton, Brook, Smith & Reynolds, P.C.
          530 Virginia Road, P.O. Box 9133

Dated: February 23, 2009          Concord, Massachusetts 01742
          Telephone:  (978) 341-0036
          Fax:  (978) 341-0136
          susan.glovsky@hbsr.com
          Attorneys for Plaintiffs

---

[5] It was the defendant's litigation strategy not to take the deposition of Mr. Green.  The plaintiffs did not have control over that strategic decision.

CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 23, 2009.

                                           /s/ Susan G. L. Glovsky
                                        Susan G. L. Glovsky

870132_1